### ISIDORE LEMLE vs. GEO. S. SAWYER ET AL.

GUNBY, J. Where a suit is brought for the purpose of enforcing a judicial mortgage which does not exceed in principal the sum of $300, the fact that plaintiff's claims that defendant owes rent for the property exceeding $1000, will not deprive this Court of jurisdiction. The claim for rent is absurd and fictitious, the plaintiff having no interest in the property, except to collect his debt.

2. The want of capacity in the wife to contract is only a relative nullity, which cannot be set up by any one except the wife or her heirs. C. C. 134; 27 An. 120. A person who contracts with an incapable person cannot plead the nullity of the agreement. C. C. 1791.

3. Where the vendee of real estate falsely represents, at the time of the purchase, that she is a *femme sole*, the fact that she was married will not avoid the sale, unless injury be shown to flow from her misrepresentations.

4. The delivery of immovable property takes place when the deed is passed, whether the entire purchase price is paid or not.

5. Where both husband and wife are cited, and personal service is made on the husband, a default against both may be made final, with the court's authorizing the wife to stand in judgment.

6. Where a final judgment, rendered against a married woman, is sought to be enforced, the burden of proof is on those who assail said judgment, to show that it was rendered for the husband's debt.

7. A married woman may legally bind herself for the debts of all persons except her husband.

8. In order to render property, bought on a credit by a married woman, paraphernal, it must be shown that her paraphernal property and its revenues are ample to enable her to make the acquisition with reasonable expectation of discharging the deferred payments therefrom

9. A resolution of a sale for non-payment of the price may be made by private act as well as by judicial decree, and, in either case, the rescission relieves the property of all incumbrances placed upon it by the vendee; but, in order to have this effect, the retransfer must be between the parties to the original sale and for precisely the same price. 9 An. 75. A compromise, by which the vendee relinquishes her rights to the property for a consideration, leaves the judicial mortgage, arising from a judgment against the vendee, in full operation.

10. A sale of property by a vendor, while a recorded title is

outstanding in the name of a former vendee, is an absolute nullity.